℠JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANNA NORLAND

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

**(b)**   County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)**   Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE  3/22/2010

/s/ Craig Thor Kimmel

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _29 Hartford Ave 2, Wethersfield, CT 06109_

Address of Defendant: _507 Prudential Road, Horsham, PA 19044_

Place of Accident, Incident or Transaction: _29 Hartford Ave 2, Wethersfield CT 06109_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases   _15 U.S.C. §1692_
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Craig Thor Kimmel_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3/22/2010_        _Craig Thor Kimmel_        _57100_
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/22/2010_        _Craig Thor Kimmel_        _57100_
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Anna Norland        :      CIVIL ACTION

v.               :

NCO Financial Systems, Inc.     :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

3/22/2010      Craig Thor Kimmel      Anna Norland
**Date**             **Attorney-at-law**          **Attorney for**

(215)540-8888      (215) 540-8817      Kimmel@creditlaw.com
**Telephone**           **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA NORLAND, | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| | : | CA NO. |
| vs. | : | |
| | : | |
| NCO GROUP, INC., | : | |
| | : | |
| Defendant | : | |

### COMPLAINT

NOW COMES the Plaintiff, ANNA NORLAND, and her attorneys, KIMMEL &
SILVERMAN, P.C., and for her Complaint against the Defendant, NCO GROUP, INC., Plaintiff
alleges the following:

### JURISDICTION AND VENUE

1.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states
that such actions may be brought and heard before "any appropriate United States district court
without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original
jurisdiction of all civil actions arising under the laws of the United States.

2.      Defendant conducts business and has an office in the State of Pennsylvania, and
therefore, personal jurisdiction is established.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4.      This is an action for actual and statutory damages for violations of the Fair Debt
Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

5.     Plaintiff is an adult individual who resides at 29 Hartford Avenue #2 in Wethersfield, Connecticut, 06109.

6.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

7.     Moreover, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

9.     Defendant is a corporation of the State of Pennsylvania with its principal place of business at 507 Prudential Road in Horsham, Pennsylvania.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

-2-

Plaintiff's Complaint

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

Plaintiff's Complaint

## FACTUAL ALLEGATIONS

15.    Defendant was allegedly hired to collect a debt relating a cellular telephone bill.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family or household purposes.

17.    The debt alleged to be owed by Plaintiff arose as a result of an individual fraudulently opening a cellular telephone account in Plaintiff's name and failing to make full payment on that account.

18.    On or about December 11, 2009, Defendant sent correspondence to Plaintiff seeking and demanding payment for the alleged debt.  See Exhibit A, the December 11, 2009, correspondence from Defendant.

19.    Defendant threatened Plaintiff that, "It is important that you forward payment in full.  If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance."  See Exhibit A, the December 11, 2009, correspondence from Defendant.

20.    Defendant's threats to "assign [her] account to a collector with instructions to collect the balance," overshadowed notification to Plaintiff of her rights to dispute the debt and/or to request verification of the debt.   See Exhibit A, the December 11, 2009, correspondence from Defendant.

21.    Further, when Defendant made the threat to "assign [her] account to a collector with instructions to collect the balance," it had no such intention of taking said action because, as of March 11, 2009, Defendant has not collected the balance of the alleged debt from Plaintiff.

22.    Moreover, Defendant's statement that it would "assign [her] account to a collector with instructions to collect the balance," was confusing and misleading to Plaintiff, as Defendant

-4-

had already identified itself as the "debt collector" to Plaintiff and told Plaintiff that her "account" was placed with its office "for collection." <u>See</u> Exhibit A, the December 11, 2009, from Defendant.

23. In addition to sending the December 11, 2009, correspondence, upon information and belief, Plaintiff contends that discovery may reveal that Defendant made phone calls to her home, cellular, and/or work telephones, in its attempts to collect the alleged debt.

24. Plaintiff disputed the debt with the original creditor, Verizon Wireless, and on January 8, 2010, Verizon Wireless sent correspondence to Plaintiff acknowledging that account "was opened as a result of subscription fraud" and that it "concluded that these line(s) were opened without your knowledge and/or consent." <u>See</u> Exhibit B, the January 8, 2010, correspondence from Verizon Wireless.

25. To date, Defendant has not notified Plaintiff that it is foregoing all efforts to collect the alleged debt from her as a result of the determination from the original creditor that the account was fraudulently opened, so Plaintiff remains unaware whether Defendant still continues with its efforts to collect this alleged debt from her.

## <u>CONSTRUCTION OF APPLICABLE LAW</u>

26. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand,</u> 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.,</u> 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.,</u> 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson,</u> 988 F. 2d 1314 (2d Cir. 1993).

Plaintiff's Complaint

27.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I

29.    Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

        a.  Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e;

    b.  Falsely representing of the legal status of a debt, in violation of 15 U.S.C. §1692e(2)(A);

    c.  Threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d.  Using false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

    e.  Acting in an otherwise unfair and unconscionable manner to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

    f.  Collecting an amount not authorized by an agreement creating a debt, in violation of 15 U.S.C. § 1692f(1).

30.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

31.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, ANNA NORLAND, respectfully prays for a judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

Dated: March 22, 2010

By:/s/ Craig Thor Kimmel_____
Craig Thor Kimmel, Esquire
Attorney for Plaintiff
KIMMEL & SILVERMAN
30 East Butler Avenue
Ambler, PA 19002
(215) 540.8888 ext 116

Plaintiff's Complaint

PO BOX 4905
DEPT 09
Trenton, NJ 08650

# NCO FINANCIAL SYSTEMS, INC.

507 Prudential Road, Horsham, PA 19044

1-800-477-1827
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Dec 11, 2009

Calls to or from this company may
be monitored or recorded for quality assurance.

10323-1988

QPN077
ANNA NORLAND
29 HARTFORD AVE 2
WETHERSFIELD CT 06109-1806

CREDITOR: VERIZON WIRELESS
CREDITOR'S ACCOUNT #: 078131901200001
CURRENT BALANCE DUE: $1093.34

The named creditor has placed this account with our office for collection. It is important that you forward payment in full.

If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance.

To assure proper credit, please put our internal account number QPN077 on your check or money order and enclose the lower portion of this letter, or a copy thereof, with your payment. If you need to speak to a representative, contact us at 1-800-477-1827.

Returned checks may be subject to the maximum fees allowed by your state. You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CQPN0770-9CTE0Z. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Creditor's Account # | Current Balance Due |
|---|---|---|
| QPN077 | 078131901200001 | $ 1093.34 |

ANNA NORLAND

Payment Amount

$

Check here if your address or phone number has
changed and provide the new information below.

PLAINTIFF'S
EXHIBIT

A

ALL-STATE LEGAL®

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4935
Trenton NJ 08650-4935

NCOP A
1988

01090QPN077600000067000000000001093343



**Verizon Wireless**
2000 Corporate Dr
Orangeburg, NY 10962

January 8, 2010

Ms. Anna Norland
29 HARTFORD AVE
APT 2
WETHERSFIELD, CT 06109

RE: Account Number:  0781319012

Dear Ms. Norland,

We write in response to your recent claim that the above Account Number was opened as a result of subscription fraud.  We have reviewed our records, as well as the information you have provided, and have concluded that these line(s) were opened without your knowledge and/or consent. Accordingly, all charges on this account will be deleted.

Additionally, in accordance with the Fair and Accurate Credit Transactions Act, we are advising you that there were no available billing records relating to this account.

Please contact our Fraud Department at (800) 521-1841 if you have any questions or concerns regarding this matter.

Sincerely,

NE Area Fraud Department

**PLAINTIFF'S EXHIBIT**
ALL-STATE LEGAL®
*B*